**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| **DERRICK WALKER,** ) | |
|     **ID # 1546567,** ) | |
|         Petitioner, ) | |
| vs. ) | No. 3:14-CV-1596-B-BH |
| ) | |
| **WILLIAM STEPHENS, Director,** ) | Referred to U.S. Magistrate Judge |
| **Texas Department of Criminal** ) | |
| **Justice, Correctional Institutions Division,** ) | |
|         Respondent. ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to Special Order 3-251, this case has been referred for findings, conclusions, and recommendation. Based on the relevant findings and applicable law, the petition for writ of habeas corpus under 28 U.S.C. § 2254 should be **SUMMARILY DISMISSED** with prejudice.

**I. BACKGROUND**

Derrick Walker (Petitioner) challenges the denial of release on parole. The respondent is William Stephens (Respondent), Director of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID).

**A.**     <u>**Factual and Procedural History**</u>

On December 10, 2007, Petitioner was convicted in Dallas County of aggravated assault of a public servant in Cause Number F08-00102, and he was sentenced to eight years' imprisonment. (Petition (Pet.) at 2; *see also* www.tdcj.state.tx.us, search for Petitioner). He did not appeal this conviction.

On January 12, 2014, Petitioner filed a state habeas application challenging the denial of parole. His state writ was denied on its merits without written order by the Texas Court of Criminal Appeals on March 26, 2014. *See Ex parte Walker*, WR-75,371-02 (Tex. Crim. App. March 26,

2014); *see also* www.dallascounty.org, Cause No. W08-00102-B. Petitioner mailed his petition for federal habeas relief on April 20, 2014, along with a brief in support. (Pet. at 10).

**B.** **Substantive Issues**

Petitioner's sole ground of error alleges that his due process rights were violated because he was denied parole on August 20, 2013, after he had served one-half of his eight-year sentence and he was eligible based on his accrued good-conduct time. (Brief at 2-3).

## II. APPLICABLE LAW

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996. Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Title I of AEDPA substantially changed the way federal courts handle habeas corpus actions. Under 28 U.S.C. § 2254(d), as amended by AEDPA, a state prisoner may not obtain relief

> with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim —
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Section 2254(d)(1) concerns pure questions of law and mixed questions of law and fact. *Martin v. Cain*, 246 F.3d 471, 475 (5th Cir. 2001). A decision is contrary to clearly established federal law, within the meaning of § 2254(d)(1), "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S.

362, 412-13 (2000).

With respect to the "unreasonable application" standard, *Williams* instructs that a writ must issue "if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413; *accord Penry v. Johnson*, 532 U.S. 782, 792 (2001). Likewise under *Williams*, a state court unreasonably applies Supreme Court precedent if it "unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." 529 U.S. at 407. "[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.* at 409; *accord Penry*, 532 U.S. at 793.

Section 2254(d)(2) concerns questions of fact. *Moore v. Johnson*, 225 F.3d 495, 501 (5th Cir. 2000). Under § 2254(d)(2), federal courts "give deference to the state court's findings unless they were 'based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.'" *Chambers v. Johnson*, 218 F.3d 360, 363 (5th Cir. 2000). The resolution of factual issues by the state court is presumptively correct and will not be disturbed unless the state prisoner rebuts the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

### III. SUMMARY DISMISSAL

Rule 4 of the Rules Governing Section 2254 Proceedings for the United States District Courts provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

Petitioner alleges that the State has created a liberty interest in early release on parole by considering good-conduct time. (Brief at 3). He then argues that the Bureau of Pardons and Paroles (BPP) violated his due process rights when it denied parole because this removed the value of the good-time credits he had accrued. (Brief at 4).

"Federal habeas relief cannot be had 'absent the allegation by a plaintiff that he or she has been deprived of some right secured to him or her by the United States Constitution or the laws of the United States.'" *Malchi v. Thaler*, 211 F.3d 953, 957 (5th Cir. 2000) (quoting *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995)). There is no constitutional right of a convicted person to be conditionally released before the expiration of his sentence. *Greenholtz v. Inmates of the Neb. Penal & Correctional Complex*, 442 U.S. 1, 7 (1979). The Fifth Circuit has found that state prisoners in Texas "have no protected liberty interest in parole." *Johnson v. Rodriguez*, 110 F.3d 299, 308 (5th Cir. 1997). Because there is no federal constitutional right to early release on parole, a habeas petitioner cannot state a constitutional violation based upon the denial of parole, even where he alleges that the parole denial was based on unreliable or even false information. *Id.* at 305, 308-09.[1]

Because Petitioner has no constitutional right to be released on parole prior to discharging his sentence, the state court denial of his claim was not contrary to federal law, his sole ground for relief is without merit, and his federal habeas petition should be summarily dismissed.

---

[1] Texas has created a constitutional expectancy of early release for eligible inmates through its statutory mandatory supervision scheme. *See* TEX. GOV'T CODE ANN. §§ 508.147, 508.149 (Vernon 2003); *Teague v. Quarterman*, 482 F.3d 769, 775-77 (5th Cir. 2007). This scheme does give rise to a liberty interest subject to due process protections. *Teague*, 482 F.3d at 775-77. Petitioner, however, is ineligible for mandatory supervision because he was convicted of aggravated assault with a deadly weapon. *See* TEX. GOV'T CODE ANN. § 508.149(a)(7) (West 2013).

## IV.  RECOMMENDATION

The petition for habeas corpus relief under 28 U.S.C. § 2254 should be **SUMMARILY DISMISSED** with prejudice.

**SIGNED on this 5th day of May, 2014.**

                                                              _____
                                                              IRMA CARRILLO RAMIREZ
                                                              UNITED STATES MAGISTRATE JUDGE


## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them.  Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within fourteen days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory or general objections.  Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

                                                              _____
                                                              IRMA CARRILLO RAMIREZ
                                                              UNITED STATES MAGISTRATE JUDGE