IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DERRICK WALKER,            )<br>     ID # 1546567,               )<br>          Plaintiff,               )<br>vs.                                        )<br>                                            )<br>WILLIAM STEPHENS, Director, )<br>Texas Department of Criminal   )<br>Justice Correctional Institutions Division, )<br>          Respondent.               ) | No. 3:14-CV-1596-B (BH)<br><br><br><br>Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Amended Miscellaneous Order No. 6* (adopted by *Special Order No. 2-59* on May 5, 2005), before the Court is *Petitioner's [Motion] for Leave to File Notice of Appeal on the Order Denying Motion to Amend,* received July 31, 2014 (doc. 13).[1] Because leave is not required in order to file a notice of appeal, the motion is liberally construed as a motion for a certificate of appealability from the electronic order denying his motion to amend the petition, dated July 17, 2014 (text entry 12). As construed, the motion should be **DENIED**.

To obtain a certificate of appealability pursuant to Fed. R. App. P. 22(b) and 28 U.S.C. § 2253(c), the petitioner must show (1) that reasonable jurists would find the Court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

To the extent a certificate of appealability is necessary for an appeal from the post-

---

[1] The motion has also been docketed as a notice of appeal from the Electronic Order (text entry doc. 12) denying the petitioner's motion to amend his 28 U.S.C. § 2254 petition.

judgment order denying leave to amend the petition, a certificate of appealability should be **DENIED** in accordance with Fed. R. App. P. 22(b) and 28 U.S.C. § 2253(c) for the reason the Order (text entry 12) denied leave to amend the petition, and for the reasons the petition was dismissed (docs. 7 & 9).

    **SIGNED this 4th day of August, 2014**.

                                          IRMA CARRILLO RAMIREZ
                                          UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

    A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

                                          IRMA CARRILLO RAMIREZ
                                          UNITED STATES MAGISTRATE JUDGE