IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DERRICK WALKER, ) | |
| ID # 1546567, ) | |
|     Petitioner, ) | |
| vs. ) | No. 3:14-CV-1596-B (BH) |
| ) | |
| WILLIAM STEPHENS, Director, ) | Referred to U.S. Magistrate Judge |
| Texas Department of Criminal ) | |
| Justice, Correctional Institutions Division, ) | |
|     Respondent. ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is the Fifth Circuit's order that the district court determine whether the petitioner's notice of appeal was delivered to prison officials for mailing within thirty days of entry of judgment. (*See* doc. 22.) Based on the relevant filings and applicable law, the notice of appeal was filed within thirty days of an appealable order and should be considered timely.

**I. BACKGROUND**

Derrick Walker (Petitioner) filed a petition for relief under 28 U.S.C. § 2254 on May 1, 2014. (*See* doc. 2.) On May 5, 2014, it was recommended that the petition be summarily dismissed with prejudice. (*See* doc. 7.) After Petitioner objected to the recommendation, the Court overruled the objections, adopted the recommendation, and entered judgment summarily dismissing the § 2254 petition with prejudice on June 27, 2014. (*See* docs. 8-10.)

Petitioner subsequently moved for leave to amend his petition, specifically citing to Federal Rules of Civil Procedure 15(a) and (b), and Rule 59(e). (*See* doc. 11.) The motion was denied by electronic order dated July 17, 2014. (*See* doc. 12). Petitioner then filed *Petitioner's [sic] Leave to File Notice of Appeal of the Order Denying Motion to Amend*, in which he expressly sought leave to appeal the July 17, 2014 order denying his motion to amend. It states, in relevant part:

> On June 27, 2014, the district court dismissed with prejudice Petitioner's habeas corpus. On July 7, 2014, Petitioner filed leave to amend his habeas corpus. On July 17, 2014, the district court denied the motion to amend asserting that Petitioner failed to indicate how an amendment will overcome the deficiencies in this petition addressing in the findings and conclusions of the magistrate judge. Petitioner argues the district court abuse it discretion denying his amended petition when doing so will aid presenting he was deprived of procedural due process of a protected liberty interest in a early release on parole based on the accumulation of his good time credits under Texas Government Code 508, 145(d) and Texas Code of Criminal Procedure Article 37.07 Section 4(a) in violation of the Fourteenth amendment. The Federal Rule of Civil Procedure Rule 15 (a) declares that leave to amend shall be freely given when justice so requires . . . Wherefore, premises considered Petitioner pray that this court grant leave to appeal the district court order denying motion to amend.

(*See* doc. 13, at 1-2.)[1] Petitioner also attached a copy of the July 17, 2014 order to his motion. (*See id.* at 4.) The motion for leave to file a notice of appeal is dated July 24, 2014, and it was received and filed on July 31, 2014. (*See id.* at 3.) There is no post-mark on the envelope. (*See id.* at 5.) Based on Petitioner's motion for leave to file a notice of appeal, an appeal was opened in the Fifth Circuit Court of Appeals under No. 14-10848. (*See* docket note at 8/1/2014.)

Because leave was not required, Petitioner's motion for leave to file a notice of appeal was liberally construed as a motion for a certificate of appealability (COA) for the electronic order denying his motion for leave to amend his petition. (*See* doc. 14.) Denial was recommended, to the extent a COA was required, on August 4, 2014. (*Id.*) The Court accepted the recommendation and denied the COA on October 7, 2014. (*See* doc. 16.) It also entered another judgment dismissing the petition for habeas corpus relief on October 7, 2014. (*See* doc. 17.)

On October 27, 2014, the Court received Petitioner's application for leave to proceed in forma pauperis on appeal of the judgment dated October 7, 2014. (*See* doc. 18.) Based on that application, a second appeal was opened in the Fifth Circuit under No. 14-11180. (*See* docket note

---

[1] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of the filing.

at 10/29/2014.) The application to proceed in forma pauperis in No. 14-11180 was granted on October 29, 2014. (*See* doc. 21.)

On December 18, 2014, the Fifth Circuit remanded the case for determination of whether Petitioner had placed his July 31, 2014 notice of appeal in No. 14-10848 in the prison mail system within thirty days of the June 27, 2014 judgment. (*See* doc. 22.) On December 30, 2014, the Court sent Petitioner a questionnaire to determine the date he placed his July 31, 2014 notice of appeal in the prison mail system. (*See* doc. 23.) The questionnaire directed him to file an answer within thirty days. (*Id.*) He did not file a response.

On January 14, 2015, Petitioner's second appeal in No. 14-11180 from the October 7, 2014 judgment was dismissed for want of prosecution. (*See* doc. 24); *see also Walker v. Stephens,* No. 14-11180 (5th Cir. Jan. 14, 2015).

## II. NOTICE OF APPEAL

Federal Rule of Appellate Procedure 4(a)(1)(A) requires that a notice of appeal by a party in a civil case be filed within thirty days after the entry of the order or judgment being appealed. FED. R. APP. P. 4(a)(1)(A). A prisoner's *pro se* filing is deemed timely filed if it is deposited in the prison mail system on or before the last day for filing. FED. R. APP. P. 4(C)(1); *see also Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999) (recognizing that prisoners file their federal pleadings when they place them in the prison mail system). The burden to demonstrate he timely placed the notice of appeal in the prison mail system is on the prisoner. *See Ernewayn v. Home Depot U.S.A., Inc.*, 727 F.3d 369, 370 (5th Cir. 2013) (appellant has the burden of establishing appellate jurisdiction).

3

**A.      Appeal of June 27, 2014 Judgment**

The Fifth Circuit's order of remand noted that because the thirtieth day fell on a Sunday, the final day for filing a timely notice of appeal from the June 27, 2014 final judgment was July 28, 2014. (doc. 22.) Petitioner's motion for leave to file a notice of appeal is dated July 24, 2014, and it was received and filed of record on July 31, 2014. (*See* doc. 13 at 1, 3.) The motion does not specifically state when it was placed in the prison mail system, and the envelope is not post-marked. (*See id.* at 3, 5.) Petitioner failed to respond to a court questionnaire regarding the specific date he placed his motion for leave to file a notice of appeal in the prison mail system. To the extent that Petitioner's July 31, 2014 motion for leave may be construed as challenging the June 27, 2014 judgment, he has not shown that he placed the notice of appeal in the prison mailing system on or before July 28, 2014. As discussed below, however, this failure is not necessarily dispositive.

**B.      Appeal of July 17, 2014 Order**

Petitioner's July 31, 2014 motion for leave to file a notice of appeal expressly challenges the July 17, 2014 electronic order denying his motion for leave to amend under Fed. R. Civ. P. 15(a) and (b). To the extent that the July 31, 2014 motion for leave may be construed as challenging the July 17, 2014 order denying his motion for leave to amend under Fed. R. Civ. P. 15(a) and (b), it was timely filed within thirty days of that order.

Moreover, Petitioner's post-judgment motion for leave to amend his petition expressly cited to Rule 59(e), which authorizes a motion to alter or amend judgment within 28 days of the entry of judgment. *See* Fed. R. Civ. P. 59(e). Regardless of the label, a motion made within the 28–day time limit for filing Rule 59(e) motions is treated as a motion under that rule for purposes of Fed. R. App. P. 4(a)(4). *See Hanna v. Maxwell,* 548 F. App'x 192, 194 (5th Cir. 2013), *cert den'd,* 135 S. Ct. 101

4

(2014) (citing *Mangieri v. Clifton,* 29 F.3d 1012, 1015 n. 5 (5th Cir.1994) (applying the former 10–day period for filing a motion under Rule 59(e)).  Federal Rule of Appellate Procedure Rule 4(a)(4)(A) provides that if a party timely files in district court certain post-judgment motions, including a motion under Rule 59(e), "the time to file an appeal runs for all parties from the entry of the order disposing" of the motion.  *See* FED. R. APP. P. 4(a)(4)(A)(iv).

Here, Petitioner filed his July 14, 2014 motion that cited to Rule 59(e) within 28 days of the June 27, 2014 judgment.  (*See* doc. 11.)  On July 17, 2014, the Court denied his July 14, 2014 motion.  (*See* doc. 12.)  Because the July 17, 2014 order denied him the relief he sought under Rule 59, he had thirty days from the date of that order to timely file a notice of appeal.  *See generally Hanna,* 548 F. App'x at 194 (noting the obligation to consider a pro se plaintiff's pleadings liberally and finding "[h]owever [Plaintiff] labeled his motion, it clearly evinced a desire for the court to reconsider its judgment, and it was filed within the 28-day time limit for filing Rule 59(e) motions").  As noted above, his July 31, 2014 motion for leave to file a notice of appeal was filed within 30 days of the July 17, 2014 order, which also disposed of his Rule 59(e) motion.  It should therefore be deemed timely.  *See id.* ("If [Plaintiff's] motion [for an expedited appeal of a magistrate judge's ruling] is construed as a Rule 59(e) motion, then his notice of appeal filed within 30 days of its final resolution is deemed timely").

### III.  RECOMMENDATION

Petitioner's July 31, 2014 notice of appeal was filed within thirty days of an appealable order and should be considered timely.

5

**SIGNED this 5th day of March, 2015.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE